IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,

vs.

HUGO LOUIS RAMIREZ,

      Movant.

No. CR S-05-0090 FCD DAD P

FINDINGS AND RECOMMENDATIONS

Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Therein, movant claims that he received ineffective assistance of trial counsel. Respondent has filed a motion to dismiss arguing that movant is procedurally barred from pursuing this relief because he expressly waived his right to collaterally attack his sentence and conviction as part of his plea agreement in this action.[1] Movant has filed an opposition to respondent's motion.

/////

---

[1] The filing of a motion to dismiss, addressing only the procedural bar issue, instead of an answer addressing both the procedural bar and the merits of movant's claims is somewhat unusual and not particularly helpful to the court. Respondent is advised that in the future, such motions could be denied and respondent directed to file an answer presenting a complete response to the § 2255 motion.

1

For the reasons set forth below, the court will recommend that respondent's motion be granted and that movant's motion be denied.

**PROCEDURAL HISTORY**

On February 11, 2005, a criminal complaint was filed against movant, alleging that he conspired to possess methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. No. 1.) Movant's initial appearance before the court took place on February 16, 2005, with counsel specially appearing on his behalf. (Doc. No. 2.) On March 3, 2005, a federal grand jury for the Eastern District of California indicted movant. (Doc. No. 9.) On that same day movant was arraigned on the indictment and counsel was appointed to represent him. (Doc. No. 12.)

On April 6, 2006, movant's appointed counsel was relieved and new counsel was appointed to represent movant. (Doc. No. 71.) On April 28, 2006, movant filed a pro se motion again seeking the appointment new counsel on his behalf. (Doc. No. 82.) At a hearing on May 3, 2006, however, movant agreed that he was satisfied with his appointed counsel and requested that his motion for appointment of new counsel be dropped from calendar. (Doc. No. 87.) On September 26, 2006, movant filed a pro se request seeking an extension of the deadline for the filing of motions to allow him time to retain new counsel. (Doc. No. 119.) On December 6, 2006, retained counsel substituted into the case on behalf of movant. (Doc. No. 136.) Finally, on September 4, 2007, after numerous motions hearings, the parties filed a plea agreement for the court's consideration. (Doc. No. 222.) That same day and pursuant to the plea agreement movant withdrew his previously entered plea of not guilty and entered a new plea of guilty to Counts II and III of the Second Superceding Indictment in which he was charged with possession of pseudoephedrine and maintaining a drug-involved premises in violation of 21 U.S.C. §§ 841(c)(2) and 856. (Doc. No. 221.) On April 28, 2008, in keeping with the terms of his plea agreement, movant was sentenced to the custody of the U.S. Bureau of Prisons for a 240-month term of imprisonment. (Doc. No. 250.)

On February 17, 2009, movant filed his § 2255 motion with this court to vacate, set aside, or correct his sentence on his own behalf. (Doc. No. 260 (hereinafter "Motion").) Respondent filed a motion to dismiss on May 8, 2009. (Doc. No. 266 (hereinafter "MTD").) Movant filed an opposition to respondent's motion on September 28, 2009. (Doc. No. 268 (herein after "Opposition").)

**MOVANT'S CLAIMS**

Movant alleges that he received ineffective assistance from his trial counsel. In this regard, he argues that his counsel failed to inform the government of movant's desire to "cooperate" in exchange for "a favorable sentencing recommendation." (Motion at 4.)[2] Movant also asserts that the government initially offered a "five-year deal" and that his trial counsel advised him not to accept that plea offer because counsel believed the longest sentence movant could receive was one involving four-years imprisonment. (Id.)

**LEGAL STANDARD**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution of laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003). However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by petitioner.

3

under § 2255 could be granted.  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

## MOTION TO DISMISS

Respondent argues that movant is procedurally barred by the terms of the plea agreement from seeking relief pursuant to 28 U.S.C. § 2255.  (MTD at 1-3.)  Respondent argues that dismissal of movant's motion "is necessary for the United States to get the benefit of the bargain it negotiated in the Plea Agreement" and asks that this court "stay briefing on the merits until the Court [has] decided the threshold issue of whether [movant] has waived collateral attack."  (Id.)

## ANALYSIS

I. Waiver of § 2255 Rights in Plea Agreement

A plea agreement is a contract and subject to contract law standards.  United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly.  United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 546 U.S. 883 (2005); United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Racich, 35 F. Supp.2d 1206, 1210 (S.D. Cal. 1999).

Here movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.  Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the combined statutory maximums

4

>for the crimes to which he is pleading guilty. He specifically gives up his right to appeal any order of restitution the Court may impose.
>
>Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(Motion, Ex. Plea Agreement, at 10-11.)[3]

Movant also specifically acknowledged at the hearing on his change of plea that he understood he was giving up his right to appeal or attack the judgment and sentence:

>THE COURT: Do you understand that under certain circumstances, you or the government have a right to appeal any sentence that I impose. Do you understand that right?
>
>THE DEFENDANT: Yes.
>
>THE COURT: And do you understand that subject to the conditions in the plea agreement, by entering pleas of guilty, you will have waived or given up certain rights to appeal or collaterally attack the plea or sentence. Do you understand that as well?
>
>THE DEFENDANT: Yes.

(Response, Ex. 2 at 11.)

It is thus apparent that movant waived his right to collaterally attack his judgment and sentence under 28 U.S.C. § 2255. The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to a negotiated plea is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005) (finding right to seek federal habeas relief not waived where movant claimed that his counsel provided ineffective assistance in advising him to enter the plea agreement that included the waiver of that right); see also

---

[3] The agreement also granted the government the right to reinstate any counts dismissed pursuant to the plea agreement and to prosecute movant on those counts if he "ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty." (Motion, Ex. Plea Agreement, at 10-11.)

United States v. Pruitt, 32 F.3d 431, 432-33 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to accept the particular plea bargain that included the waiver).  However, as one district court has recently observed,

> "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).  See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").  The defendant's rights to challenge any sentencing errors may be explicitly waived.  See e.g. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).  Where a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." U.S. v. Nunez, 223 F.3d 956, 959 (9th Cir.2000).

United States v. Mendoza-Romero, Nos. CV-09-0129-PHX-PGR  (LOA), CR-08-0871-PHX-PGR, 2009 WL 3823732, at *4 (D. Ariz. Nov. 12, 2009).

Here, movant does not claim that his plea was involuntarily or unintelligently entered into.  Instead movant's claims concern events that occurred prior to, and that do not implicate or even relate to, the plea he entered pursuant to agreement.  Movant's claims therefore are procedurally barred and the government's motion to dismiss should therefore be granted.

In any event, movant's claims also appear to be clearly meritless. While movant asserts that his trial counsel "failed and refused" to inform the government of movant's desire to cooperate in exchange for a favorable sentencing recommendation, the record plainly belies his argument.  The plea agreement that movant entered into itself set forth an extensive cooperation clause reflecting his agreement to cooperate fully with the government and what he would receive in exchange. (Doc. No 222 at 3-5.)   Indeed, on April 23, 2008, the government and

counsel on behalf of movant jointly filed a "Stipulation Re Appropriate Sentence" in which the government acknowledged movant's "substantial assistance to law enforcement," detailed movant's cooperation, and agreed with movant that in light of his cooperation, a sentence of twenty years (ten years shorter than that recommended in the Presentence Report) was reasonable and appropriate. (Doc. No. 249.)

Finally, movant's claim that his counsel was ineffective "in opposing to accept" an alleged "five-year deal" consists, in its entirety, of two-sentences. Movant's claim in this regard is vague and conclusory and relief could be properly denied on that basis alone. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ( " '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief' ") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 8, 2009 motion to dismiss (Doc. No. 266) be granted; and

2. Movant's February 17, 2009 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 260) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.

1  <u>See</u> Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a
2  certificate of appealability when it enters a final order adverse to the applicant).
3  DATED: July 21, 2010.

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ramirez090.2255